# EXHIBIT A

COPY
FILED

2017 SEP 28  PM 2: 07

CLERK-SUPERIOR COURT

1  Todd M. Friedman (216752)
   Adrian R. Bacon (280332)
2  Law Offices of Todd M. Friedman, P.C.
   21550 Oxnard St., Suite 780
3  Woodland Hills, CA 91367
   Phone: 877-206-4741
4  Fax: 866-633-0228
   tfriedman@toddflaw.com
5  abacon@toddflaw.com
6  Attorneys for Plaintiff

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA
                 FOR THE COUNTY OF SAN DIEGO
8                     LIMITED JURISDICTION

9                                    )  CASE NO.:  37-2017-00036469-CL-NP-NC
                                     )
10 ANDREA LADRIDO,                   )
                                     )  COMPLAINT
11             Plaintiff,            )    1.  Violation of Fair Credit Reporting
                                     )         Act
12 -vs-                              )    2.  Violation of California Consumer
                                     )         Credit Reporting Agencies Act
13 EXPERIAN INFORMATION SOLUTIONS,   )
   INC.; DOES 1-10 inclusive,        )  (Amount Not to Exceed $10,000)
14                                   )
15             Defendant.            )  Jury Trial Demanded
16

17                         I.  INTRODUCTION

18      1.  This is an action for damages brought by an individual consumer for Defendant'

19 violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), and the

20 California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25, et seq.

21 (hereinafter "CA CCRA"), both of which regulate the collection, dissemination, and use of

22 consumer information, including consumer credit information.

23                          II. PARTIES

24      2.     Plaintiff, ANDREA LADRIDO ("Plaintiff"), is a natural person residing in SAN

25 DIEGO County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1681a

26 and Cal. Civ. Code §1785.3(a).

27      3.     At all relevant times herein, Defendant, EXPERIAN INFORMATION

28 SOLUTIONS, INC. ("Defendant"), was a company who regularly provides information to

BY FAX

Complaint - 1

consumer reporting agencies, and is therefore an "information furnisher" as defined by the FCRA and CCRAA. Defendant is a consumer reporting agency, and is also a "person" as defined by *Cal. Civ. Code* §1785.3(j).

### III. FACTUAL ALLEGATIONS

5.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report. Defendant misrepresented, and continue to misrepresent, on one or more of Plaintiff's accounts.

6.    Plaintiff's account with Defendant is from an account with Reliance Financial and Gold Acceptance. Reliance Financial and Gold Acceptance reported to Defendant that Plaintiff did not make payments on his account, when this is in fact false.

8.    On or about May 16, 2017, Plaintiff disputed the reporting with Defendant. However, Defendant has failed to respond favorably, if at all, to Plaintiff's dispute.

9.    Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

10.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

11.    The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

12.    Plaintiff has been damaged, and continues to be damaged, in the following ways:
   a.    Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown

13.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

14.    At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

15.    Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

      a.   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

      b.   Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

16.    Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

17.    Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports.  Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

18.    As a result of the above violations of the FCRA and CA CCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

19.    Plaintiff reincorporates by reference all of the preceding paragraphs.

20.    To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

      A.    Actual damages;

B.     Statutory damages for willful and negligent violations;

C.     Costs and reasonable attorney's fees; and,

D.     For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the Information is incomplete or inaccurate."

23.     California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

24.     California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

25.     Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

26.     Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Costs and reasonable attorney's fees;
(d)     For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 27st day of September, 2017.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

# COPY

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228
ATTORNEY FOR *(Name):* **Plaintiff, DIAMOND CAVAZOS**

FOR COURT USE ONLY

F I L E D

2017 SEP 28 PM 2: 07

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

BY FAX

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 325 South Melrose Dr.
MAILING ADDRESS: 325 South Melrose Dr.
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME:

CASE NAME:
Andrea Ladrido v. Experian Information Solutions, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2017-00036469-CL-NP-NC |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 27, 2017

Todd M. Friedman
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| BRANCH NAME: | North County |
| TELEPHONE NUMBER: | (760) 201-8029 |

PLAINTIFF(S) / PETITIONER(S):    Andrea Ladrido

DEFENDANT(S) / RESPONDENT(S):   Experian Information Solutions Inc

LADRIDO VS. EXPERIAN INFORMATION SOLUTIONS INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| and CASE MANAGEMENT CONFERENCE | 37-2017-00036469-CL-NP-NC |

**CASE ASSIGNMENT**

Judge: Ronald F. Frazier             Department: N-29

**COMPLAINT/PETITION FILED:** 09/28/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/02/2018 | 09:30 am | N-29 | Ronald F. Frazier |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
## County of San Diego

## NOTICE OF ELIGIBILITY TO eFILE
## AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00036469-CL-NP-NC          CASE TITLE: Ladrido vs. Experian Information Solutions Inc

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not |
| • Saves money | resolve the dispute |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |

PLAINTIFF(S): Andrea Ladrido

DEFENDANT(S): Experian Information Solutions Inc

SHORT TITLE: LADRIDO VS. EXPERIAN INFORMATION SOLUTIONS INC

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2017-00036469-CL-NP-NC |
|---|---|

Judge: Ronald F. Frazier                                          Department: N-29

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                              ☐ Binding private arbitration

☐ Voluntary settlement conference (private)        ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                     ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____


Name of Plaintiff                                 Name of Defendant


Signature                                         Signature


Name of Plaintiff's Attorney                      Name of Defendant's Attorney


Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 10/02/2017                                 _____
                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                Page: 1

3

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY AND ZIP CODE: Vista, CA 92081 | |
| BRANCH NAME: North County | |
| TELEPHONE NUMBER: (760) 201-8029 | |
| PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): Andrea Ladrido | |
| DEFENDANT(S)/RESPONDENT(S): Experian Information Solutions Inc | |
| Short Title: Ladrido vs. Experian Information Solutions Inc | |

| NOTICE OF HEARING | CASE NUMBER:<br>37-2017-00036469-CL-NP-NC |
|---|---|

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/02/2018 | 09:30 am | N-29 | Ronald F. Frazier |

Counsel: Check service list. If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

North County
325 S. Melrose
Vista, CA 92081

**SHORT TITLE:** Ladrido vs. Experian Information Solutions Inc

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: |
|---|---|
| | 37-2017-00036469-CL-NP-NC |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at <u>Vista</u>, California on <u>10/02/2017</u>. The mailing occurred at <u>Gardena, California</u> on <u>10/03/2017</u>.

Clerk of the Court, by: _____, Deputy

1   Edwin A. Howell (State Bar No. 310740)
    JONES DAY
2   4655 Executive Drive
    Suite 1500
3   San Diego, CA  92121.3134
    Telephone:   +1.858.314.1200
4   Facsimile:   +1.844.345.3178
    Email:        ehowell@jonesday.com
5
    Attorneys for Defendant
6   EXPERIAN INFORMATION SOLUTIONS, INC.

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/30/2017** at 03:20:00 PM

Clerk of the Superior Court
By Ivana Salas, Deputy Clerk

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION**

10

11   ANDREA LADRIDO,                    **CASE NO. 37-2017-00036469-CL-NP-NC**

12              Plaintiff,              Assigned for all purposes to
                                        Hon. Ronald F. Frazier
13      v.
                                        **DEFENDANT EXPERIAN SOLUTIONS,**
14   EXPERIAN INFORMATION SOLUTIONS,    **INC.'S ANSWER AND AFFIRMATIVE**
     INC.; DOES 1-10 inclusive,         **DEFENSES TO PLAINTIFF'S**
15                                      **COMPLAINT**
                Defendant.
16

17                                      Complaint Filed:   09/28/2017

18

19          COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and

20   through its undersigned counsel, and answers Plaintiff Andrea Ladrido's ("Plaintiff") Complaint

21   ("the Complaint") as follows:

22                                **GENERAL DENIAL**

23          Pursuant to section 431.30(d) of the California Code of Civil Procedure, Experian denies,

24   generally and specifically, each and every allegation of the Complaint.  Experian further denies

25   that Plaintiff has suffered, or will suffer, any injury, detriment, damage or loss, or is entitled to

26   costs, expenses, or attorneys' fees in any matter or sum whatsoever, by reason of any act or

27   omission of Experian, its agents, employees, and/or anyone acting on Experian's behalf.

28   Experian further denies that Plaintiff is entitled to the relief sought, or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to the Complaint, Experian alleges as follows, without conceding that Experian bears the burden of proof or persuasion as to any of them:

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM AGAINST EXPERIAN)**

1.    The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Experian.

**SECOND AFFIRMATIVE DEFENSE**

**(IMMUNITY)**

2.    Plaintiff's claims are barred as against Experian by the qualified immunity of 15 U.S.C. § 1681h(e).

**THIRD AFFIRMATIVE DEFENSE**

**(IMPROPER REQUEST FOR PUNITIVE DAMAGES)**

3.    Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

**FOURTH AFFIRMATIVE DEFENSE**

**(TRUTH/ACCURACY OF INFORMATION)**

4.    Plaintiff's claims are barred as against Experian because all information Experian communicated to any third person regarding Plaintiff was true.

**FIFTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE DAMAGES)**

5.    Plaintiff has failed to mitigate his damages.

**SIXTH AFFIRMATIVE DEFENSE**

**(LACHES)**

6.    The Complaint and each claim for relief therein are barred by laches.

2

1                             **SEVENTH AFFIRMATIVE DEFENSE**

2                       **(CONTRIBUTORY/COMPARATIVE FAULT)**

3         7.       Experian is informed and believes and thereon alleges that any alleged damages

4 sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted

5 from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or

6 wrongdoing by Experian.

7                               **EIGHTH AFFIRMATIVE DEFENSE**

8                                    **(ESTOPPEL)**

9         8.       Any damages that Plaintiff may have suffered, which Experian continues to deny,

10 were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped

11 and barred from recovery of any damages whatsoever as against Experian.

12                               **NINTH AFFIRMATIVE DEFENSE**

13                           **(STATUTE OF LIMITATIONS)**

14         9.       Experian is informed and believes and thereon alleges that all claims for relief in

15 the Complaint against Experian are barred by the applicable statutes of limitation.

16                               **TENTH AFFIRMATIVE DEFENSE**

17                             **(UNCLEAN HANDS)**

18        10.       The Complaint, and each claim for relief therein that seeks equitable relief, is

19 barred by the doctrine of unclean hands.

20                             **ELEVENTH AFFIRMATIVE DEFENSE**

21                             **(INDEMNIFICATION)**

22        11.       Experian is informed and believes and thereon alleges that any purported damages

23 allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom

24 Experian had neither control nor responsibility.

25                             **TWELFTH AFFIRMATIVE DEFENSE**

26                      **(INDEPENDENT INTERVENING CAUSE)**

27        12.       Plaintiff's alleged damages, which Experian continues to deny, were not caused by

28 Experian but by an independent intervening cause, including but not limited to accurate negative

1    information regarding Plaintiff.

2    ### THIRTEENTH AFFIRMATIVE DEFENSE

3    ### (MOOTNESS)

4    13.    Plaintiff's claim is barred, in whole or in part, to the extent that the claim or relief

5    sought is moot.

6    ### FOURTEENTH AFFIRMATIVE DEFENSE

7    ### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

8    14.    Experian reserves the right to assert additional affirmative defenses at such time

9    and to such extent as warranted by discovery and the factual developments in this case.

10   ### PRAYER FOR RELIEF

11   WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

12   1.    That Plaintiff take nothing by virtue of the Complaint herein;

13   2.    That the Complaint be dismissed in its entirety;

14   3.    For costs of suit and attorneys' fees herein incurred; and

15   4.    For such other relief as this Court may deem just and proper.

16

17

18

19

20

21   Dated:  October 30, 2017                          Jones Day

22

23                                                      By: _____

24                                                          Edwin A. Howell

25                                                      Attorneys for Defendant
                                                        EXPERIAN INFORMATION SOLUTIONS,
26                                                      INC.

27

28

37-2017-00036469-CL-NP-NC

1   Edwin A. Howell (State Bar No. 310740)
JONES DAY
2   4655 Executive Drive
Suite 1500
3   San Diego, CA  92121.3134
Telephone:   +1.858.314.1200
4   Facsimile:   +1.844.345.3178
Email:   ehowell@jonesday.com

5

6   Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/30/2017** at 03:20:00 PM

Clerk of the Superior Court
By Ivana Salas, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION**

| | |
|---|---|
| ANDREA LADRIDO,<br><br>         Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; DOES 1-10 inclusive,<br><br>         Defendant. | **CASE NO. 37-2017-00036469-CL-NP-NC**<br><br>Assigned for all purposes to<br>Hon. Ronald F. Frazier<br><br>**PROOF OF SERVICE** |

I, Rebecca Kjos, declare I am a citizen of the United States and employed in San Diego County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  I am a resident or employed in the county where the mailing took place.  My business address is 4655 Executive Drive, Suite 1500, San Diego, California 92121.

    On October 30, 2017, I served a copy of the within document(s):

- **DEFENDANT EXPERIAN SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

37-2017-00036469-CL-NP-NC

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed UPS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for delivery to the person at the address set forth below.

☐   by causing the document(s) to be delivered via courier service for same day delivery, delivering the document(s) listed above to the person at the address set forth below.

☐   by transmitting via email or electronic transmission the document(s) listed above to the person at the email address set forth below.

Todd M. Friedman
Adrian R. Bacon
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St.
Suite 780
Woodland Hills, CA 91367
Telephone:  877-206-4741
Facsimile:  866-633-0228
Email:        tfriedman@toddflaw.com
                 abacon@toddflaw.com

*Attorneys for Plaintiff*

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on October 30, 2017, at San Diego, California.

Rebecca Kjos

NAI-1503159206v1

2

**PROOF OF SERVICE**

37-2017-00036469-CL-NP-NC